Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 86 C 8947 | **DATE** | 4/3/2003 |
| **CASE TITLE** | Flood vs. Owens-Illinois et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Defendant The Flintkote Company's motion (Doc 131-1) for summary judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 04 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | /40 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MRS. EUNICE FLOOD, Special Administrator of the Estate of Maurice Flood, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>OWENS-ILLINOIS and THE FLINTKOTE COMPANY,<br><br>Defendants. | 86 C 8947 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Defendant The Flintkote Company's ("Flintkote") motion for summary judgment. For the reasons stated below we deny the motion.

## BACKGROUND

Plaintiff Maurice Flood ("Flood") began working in the Chicagoland area as an insulator in 1939. He continued to work as an insulator until 1976 when he fell and broke his heels. During his career as an insulator Flood worked at hundreds of job sites. Flood claims that in his work he used products made by Flintkote that contained asbestos. Flood and Flintkote disagree as to what Flintkote products were used and

when they were used. In 1991 Flood died of mesothelioma, which is a disease that can be caused by exposure to asbestos. In 1993 Eunice Flood, acting as the Special Administrator of the estate of Flood, amended the complaint to assert claims of negligence under the Illinois Survival Act and wrongful death under the Illinois Wrongful Death Act.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A

"genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole in a light most favorable to the nonmoving party and draw all reasonable inferences that favor the nonmoving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Flintkote's motion for summary judgment alleges that Flood has not offered sufficient evidence to establish the causation element of his cause of action. To defeat such a summary judgment motion in an asbestos products liability case, a plaintiff must establish that he was sufficiently exposed to the defendant's product to create a genuine factual issue for the trier of fact. *Thacker v. UNR Indus., Inc.*, 603 N.E.2d 449, 454 (Ill. 1992). The plaintiff must show that "(1) he regularly worked in an area where the defendant's asbestos was frequently used and (2) the injured worker did, in fact, work sufficiently close to the area so as to come into contact with the defendant's product." *Id.* at 457.

Flintkote argues that Flood used only two Flintkote products. According to Flintkote, the Flintkote mastic product used by Flood called Thermalkote was only used at two work sites and, because the product had a pliable, putty-like consistency, Flood's asbestos exposure was minimal. Flintkote also argues that the only other Flintkote product used by Flood was Flintkote roofing paper. Flintkote claims that it did not sell asbestos roofing paper in the Midwest and claims that Flood and his co-workers' descriptions of the roofing paper shows that the roofing paper was a type of roofing paper sold by Flintkote that did not contain asbestos. Flintkote bases most of it's arguments regarding the amount of exposure to asbestos by Flood from its products on the premise that Flood only used the two Flintkote products mentioned above.

We must first inspect the evidence of Flood's exposure to Flintkote asbestos products before we can conduct a causation analysis. Flintkote misrepresents the evidence when it insinuates that it is a settled fact that Flood used only two Flintkote products. We acknowledge that there may be discrepancies in the evidence offered by Flood regarding what Flintkote products Flood used and when, but that is a concern for the trier of fact. Flood testified in his deposition that he used "all kinds" of Flintkote "asbestos roofing paper" and that he used "truckloads" of it. (Flood Dep. May 2, 1990. 125). Flood claimed that he worked with "[q]uite a bit of" Flintkote asbestos roofing paper in the 1960s. (Flood Dep. May 2, 1990. 127).

Flood did not state, as Flintkote claims, that at the Sinclair Oil work site the only Flintkote product he used was Thermalkote. In his affidavit listing the products he was exposed to, Flood stated that while working at Sinclair Oil he remembered using "[a]sbestos pipecovering, asbestos block, asbestos cement, asbestos blankets and asbestos mastic" and that some of the asbestos products were manufactured by Flintkote. (Flood Affdvt. 18-19). Flood also stated that while working at the Sinclair Oil work site he remembered using "asbestos products manufactured by Flintkote *such as* Thermalkote" (emphasis added) (Flood Affdvt. 19). Similarly, Flood remembered using asbestos products at the Carbon and Carbide work site manufactured by Flintkote "*such as* Thermalkote." (emphasis added) (Flood Affdvt. 36). When asked in his deposition what Flintkote products other than Thermalkote were used by Flood, he stated that he used "pipecovering and asbestos blocks, asbestos cement, asbestos blanket, asbestos mastic, and some of the special insulations products" made by Flintkote. (Flood Dep. Oct. 18, 1988. 119). Flintkote presents affidavits from two of its former employees and from its expert witness to show that the roofing paper described by Flood was a type that did not contain asbestos. However, we think that this presents another genuine factual issue to be decided at trial.

Flood admits that he used Flintkote products at the two work sites alleged by Flintkote, but Flood claims that those were not the only work sites where he used

Flintkote products. Flood stated in his deposition that the list of work sites and products listed in his affidavit was not an exhaustive list because he worked on hundreds of work sites over his career and he could not remember them all in detail. (Flood Dep. May 2, 1990. 144). Flood stated that on the other jobs that he did not specifically mention he used the same products discussed at his deposition which included Flintkote asbestos products. (Flood Dep. May 2, 1990. 127, 145). In addition when asked: "Do you mean by that you only worked with Flintkote asbestos roofing paper on two jobs sites?" Flood responded: "No, no, I worked on all kinds of jobs with that Flintkote roofing paper." (Flood Dep. May 2, 1990. 146). In summation, we find that the determination of what Flintkote products Flood used while an insulator and when he used them are genuinely disputed factual issues that should be decided at trial. We also find that, viewing the evidence in a light most favorable to Flood and drawing all reasonable inferences in his favor, Flood has met his burden and has shown that he regularly worked in areas where Flintkote asbestos products were frequently used. We cannot find that no reasonable jury could find for Flood.

## CONCLUSION

Based on the foregoing analysis we deny the motion for summary judgment.

*Charles P. Kocoras*
Charles P. Kocoras
Chief Judge
United States District Court

Dated: APR - 3 2003