# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 86 C 8947 | **DATE** | 6/24/2003 |
| **CASE TITLE** | Flood vs. Owens-Illinois et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM:** We grant the motion (Doc 179-1) to voluntarily dismiss defendant Wilson. We find that a dismissal of all claims against Owens and Flintkote would be appropriate in this case because of the egregious conduct of Plaintiff's counsel. However, we shall refrain from ordering a dismissal if the following conditions are met by Plaintiff's counsel. We shall review Defendants' counsel's bills for attorneys fees connected to the preparation of the pretrial order and Plaintiff's counsel must pay the bills when the bills are approved by us. We shall order a new pretrial order and all prior exhibits and exhibits lists submitted by Plaintiff shall be disregarded. Plaintiff's counsel must submit exhibits and exhibit lists to Defendants within two weeks from the date of this order. The pretrial order shall be completed by two weeks thereafter. The trial date is stricken, and will be rescheduled if necessary.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 24 2003 date docketed | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT | | |
| | Mail AO 450 form. | CLERK | docketing deputy initials | 181 |
| | Copy to judge/magistrate judge. | 03 JUN 23 PM 5: 43 | | |
| | SCT courtroom deputy's initials | FILED-ED TO | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MRS. EUNICE FLOOD, Special Administrator of )
the Estate of MAURICE FLOOD, Deceased, )
)
Plaintiff, )
)
vs. ) 86 C 8947
)
OWENS-ILLINOIS and THE FLINTKOTE )
COMPANY, )
)
Defendants. )

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Defendant Owens-Illinois, Inc. ("Owens") and Defendant The Flintkote Company's ("Flintkote") motion to dismiss and motion for sanctions. Plaintiff Eunice Flood has also filed a motion to voluntarily dismiss Defendant Grant Wilson, Inc. ("Wilson"). We grant the motion to dismiss all claims against Wilson and grant the motion for sanctions.

**BACKGROUND**

By minute order on January 21, 2003, Plaintiff was notified that the final pre-trial order was due on April 16, 2003. We granted no extensions to that deadline. In September 2002 this court advised the parties of the importance of the pre-trial order.



Despite our admonitions, Plaintiff's counsel failed to turn over the necessary exhibits and exhibit lists to Defendants in a timely fashion. In addition to the tardiness of the exhibits, the exhibit lists referred to missing exhibits, included duplicate exhibits, and failed to identify exhibits with reasonable specificity. In addition, at the last moment prior to the pre-trial order deadline, Plaintiff withdrew eleven of the twelve witnesses listed on Plaintiff's witness list. Plaintiff's conduct prevented any meaningful preparation of a pre-trial order in accordance with our prescribed deadline.

## DISCUSSION

I. Voluntary Dismissal of Defendant Wilson

Plaintiff seeks to voluntarily dismiss Defendant Wilson. Defendant Flintkote objects to the dismissal because Plaintiff has asked us to exclude at trial all evidence regarding products of defendants that have been dismissed, have settled, or are in bankruptcy. Flintkote asks us to keep Wilson as a defendant in case we rule in Plaintiff's favor. Plaintiff argues that *Tragarz v. Keene Corp.*, 980 F.2d 411 (7th Cir. 1992), is applicable in this case and that in *Tragarz* the court held that a defendant must limit its evidence to evidence that concerns exposure to its particular product and evidence that shows that its product was not a substantial factor in causing the illness. *Id.* at 425. Even if we find that Plaintiff is correct, Defendants would not be entitled to any additional benefit merely because Wilson remained a defendant in the case. The

fact that the jury may inevitably hear about exposure to the other defendant's products and may inevitably consider that information in all its deliberations is merely an incidental benefit to each of the defendants. There have been other defendants that have been dismissed from this case and Wilson will simply be one more. The issue involving the presentation of evidence of exposure to non-defendant products will remain regardless of Wilson's presence and its departure will not significantly alter the parties' positions. Therefore, we grant the motion to voluntarily dismiss Wilson.

II. Plaintiff's Counsel's Misconduct

On March 31, 2003, approximately two weeks before the pre-trial order was due, Plaintiff sent an initial exhibit list to Owens that contained approximately 273 exhibits; Plaintiff indicated that some more exhibits would be coming. On April 13, 2003, counsel for Owens went to Plaintiff's counsel's office to review the 273 disclosed exhibits. Upon arrival, Plaintiff's counsel presented a list with 841 exhibits and, upon inspection, Owens' counsel discovered that over 150 exhibits were missing. Copies of the missing exhibits were sent to Owens' counsel one day before the pre-trial order was due. In addition, on April 15, 2003, Plaintiff's counsel informed Flintkote's counsel that an additional 1,000 exhibits would be added to the Flintkote exhibit list. On April 16, 2003, Plaintiff's counsel indicated that the additional 1,000 exhibits would be sent on compact disc to Defendants. On April 18, 2003, two days after the

final pre-trial order deadline, Plaintiff's counsel sent another exhibit list to Owens listing 843 exhibits.

Defendants clearly did not have sufficient time to review all the exhibits prior to the pre-trial order deadline and they were prejudiced in their ability to prepare for trial. Defendants were forced to needlessly sift through the avalanche of exhibits thrust upon them at the last moment and to try and determine which exhibits were duplicates and which were missing. On April 11, 2003, Plaintiff submitted a witness list with twelve witnesses and, on April 16, 2003, the due date for the pre-trial order, Plaintiff withdrew eleven witnesses from the list. To make matters worse, Plaintiff's exhibit lists were deficient as well. Plaintiff's demonstrative exhibit list incorporates the exhibit list, but does not clarify which version of the exhibit list is incorporated. There was also confusion regarding the designation of prior testimony for Plaintiff's witness William Lynch. Finally, Plaintiff's exhibit lists failed to properly identify exhibits. For example, one designation merely specified "Mr. Flood's Medical Records."

There is ample evidence to conclude that Plaintiff's counsel engaged in the type of gamesmanship and trial by ambush that is prohibited in the federal courts. Plaintiff's counsel did not comply with our pre-trial order deadline and we find that Plaintiff's counsel acted in bad faith. Plaintiff's counsel claims that the above-mentioned conduct can be explained by the fact that some exhibits were "momentarily

missing" because they were being imaged on computer disc. This falls far short of an adequate explanation for the egregious conduct presented before us. Also, Plaintiff's assertion that Owens has possessed some of the exhibits for over twenty years does not relieve Plaintiff of its obligation to notify Defendants of what exhibits will be used at trial, to present Defendants with copies of the exhibits, and to do so in a timely fashion.

Plaintiff's counsel also asserts in its response to Flintkote's motion to dismiss that Plaintiff's counsel did not present an exhibit list with 1,000 exhibits, but rather the exhibit list contained 357 exhibits. Plaintiff asserts in one brief that there was confusion regarding the 1,000 exhibits because exhibit list was 1,000 pages, but contained only 357 exhibits. However, in Flintkote's motion to dismiss, an attached exhibit is an email from Plaintiff's counsel to Flintkote dated April 11, 2003, listing 841 exhibits. Another exhibit attached to Flintkote's motion is an email from Plaintiff's counsel, dated April 14, 2003, and attached is a document entitled: "Plaintiff's Supplemental List of Additional Flintkote Exhibits." The document contains a list of plaintiff trial exhibits and includes bates numbers for each exhibit. The list runs from trial exhibit number 850 to trial exhibit number 1812. We cannot reconcile Plaintiff's explanation with the evidence before us. Another explanation offered by Plaintiff is that there were actually only 357 exhibits because there were many duplicate exhibits in the 1,000 listed exhibits. Even were this true, it did not

relieve Defendants of their burden to try and review the many exhibits and determine which exhibits were duplicates and which were missing.

There is other evidence that Plaintiff's counsel acted in bad faith. For example, Plaintiff surely knew that Defendants' counsel could not adequately review the 1,000 documents just days before the pre-trial order was due. We note that when Plaintiff's counsel was asked in court whether he presented the 1,000 exhibits in good faith and actually intended to use all the exhibits at trial, Plaintiff's counsel was not willing to go on record and state that the 1,000 exhibits were presented in good faith. We note that Plaintiff has now filed a new "final" trial exhibit list with only 224 exhibits. This submission clearly indicates that a substantial portion of the 1,800 odd exhibits that have been submitted in the past were superfluous and not tendered in good faith. Plaintiff's counsel's conduct with respect to all aspects of the pre-trial order is simply appalling.

Plaintiff's counsel argues that some of the exhibits were duplicated on the lists and that some of the exhibits were presented in time. We are not required to sort through Plaintiff's filings to try and determine exactly which of the exhibits were submitted by Plaintiff and when. We are still not clear at this point, even after reviewing Plaintiff's "final" exhibit list, what exhibits Plaintiff seeks to present. The

responsibility for all the confusion in these matters rests firmly at the feet of Plaintiff's counsel.

III. <u>Sanctions</u>

Plaintiff's counsel has now submitted a new "final" trial exhibit list and argues that this accommodation renders Owens' complaints "moot." We disagree. Plaintiff's counsel's present actions do not excuse its past misconduct and Defendants have clearly been prejudiced by Plaintiff's counsel's past misconduct. Plaintiff's counsel violated our order, acted in bad faith, and engaged in the type of gamesmanship that has long been removed from American jurisprudence. Although a pre-trial order was prepared by April 16, 2003, the spirit of our deadline order envisioned that the parties would exchange exhibits early enough to allow for a meaningful review of the materials and that the submissions would be sufficiently accurate and organized to allow for such a meaningful review. Plaintiff's counsel's actions made it impossible for the pre-trial order to be properly prepared by the deadline. We also believe that there is a clear record of delays and contumacious conduct by Plaintiff's counsel and that there is clear and convincing evidence that Plaintiff's counsel acted in bad faith. Thus, Plaintiff's counsel's conduct was so egregious that we could order a dismissal pursuant to Federal Rule of Civil Procedure 37 or Federal Rule of Civil Procedure 41(b). *Maynard v. Nygren*, 2003 WL 21321846, *3 (7th Cir. 2003).

We hesitate, however, to take such a drastic step and shall give Plaintiff's counsel one final opportunity to avoid dismissal. We shall dismiss this case unless Plaintiff's counsel meets the following conditions. Plaintiff's counsel must compensate Defendants' counsel for all attorneys' fees associated with Defendants' counsels' preparation for the pre-trial order. Defendants' counsel shall submit a bill of fees to us and we shall review the costs to ensure that they are reasonable and related to the pre-trial order preparation. Plaintiff's counsel shall pay the fees when the bills are approved by us, not at the conclusion of this case. Monetary sanctions will have one drawback. Contrary to Plaintiff's counsel's belief, we agree with the Defendants that Plaintiff's new "final" exhibit list does not clarify once and for all what exhibits will be used at trial. Because of the series of inconsistent and deficient submissions by Plaintiff's counsel, the most efficient alternative at this point would be to order the parties to disregard all past exhibit lists and begin the preparation of the pre-trial order anew.

This leads to the second condition for avoiding dismissal. A new pre-trial order shall be completed by the parties and Plaintiff's counsel must supply Defendants with a new final exhibit list. To avoid any confusion, Plaintiff's counsel should entitle the list "Final Exhibit List Pursuant to Minute Order." Defendants can submit new exhibits and exhibit lists if they wish, or can choose to stand by the lists that they

provided previously. We warn Plaintiff's counsel that we will not look kindly upon any "missing" exhibits. We expect that all exhibit lists will be consolidated to remove redundant listings and that the exhibit lists will identify exhibits with the required specificity. If Plaintiff's counsel meets the above conditions, we shall refrain from ordering a dismissal. Plaintiff's counsel's shenanigans have wasted the valuable time of this court, the time of Defendants and their counsel, and, worst of all, the time of Plaintiff's counsel's own client. No person has the power to hold hostage all parties in litigation while he abuses the judicial process with impunity.

## CONCLUSION

Based on the foregoing analysis we grant the motion to voluntarily dismiss Defendant Wilson. We find that a dismissal of all claims against Owens and Flintkote would be appropriate in this case because of the egregious conduct of Plaintiff's counsel. However, we shall refrain from ordering a dismissal if the following conditions are met by Plaintiff's counsel. We shall review Defendants' counsels' bills for attorneys fees connected to the preparation of the pre-trial order and Plaintiff's counsel must pay the bills when the bills are approved by us. We shall order a new pre-trial order and all prior exhibits and exhibit lists submitted by Plaintiff shall be disregarded. Plaintiff's counsel must submit exhibits and exhibit lists to Defendants within two weeks from the date of this order. The pre-trial order shall be completed

by two weeks thereafter. The trial date is stricken. and will be rescheduled if necessary.

                                              Charles P. Kocoras
                                              Chief Judge
                                              United States District Court

Dated: JUN 2 4 2003