# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 86 C 8947 | **DATE** | 11/4/2003 |
| **CASE TITLE** | Flood vs. Owens-Illinois et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Motions (Docs 150-1, 153-1, 157-1 & 193-1) testimony of James Lockey, Peter Neushul, Lennard Wharton, John Spencer, Barry Castleman and Dennis Cesarotti are denied without prejudice for representment at trial. Plaintiff's motions (Docs 151-1 & 152-1) in limine are granted. Plaintiff's motion (Doc 149-1) in limine is denied. Owens' motions (Docs 148-1, 154-1, 156-1, 158-1) in limine are denied. Owens' motion (Doc 159-1) in limine is granted. Flintkote's motion (Doc 143-1) in limine is granted in part and denied in part. All remaining motions are denied. With respect to attorneys' fees, Owens is awarded $34,411.50 and Flintkote is awarded $50,688.40. So ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 0 5 2003 | |
| | Notified counsel by telephone. | | docketed | 214 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MRS. EUNICE FLOOD, Special Administrator of the Estate of MAURICE FLOOD, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>OWENS-ILLINOIS and THE FLINTCOTE COMPANY,<br><br>Defendants. | **DOCKETED**<br>NOV 0 5 2003<br><br>86 C 8947 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

Plaintiff Eunice Flood ("Flood") and Defendant Owens-Illinois, Inc. ("Owens") have each filed six motions in limine in this asbestos wrongful death action. Defendant The Flintkote Company ("Flintkote") has filed five. The motions to bar the testimony of James Lockey, Peter Neushul, Lennard Wharton, John Spencer (all filed by Flood), Barry Castleman (filed by Owens), and Dennis Cesarotti (filed by Flintkote) are denied without prejudice for representment at trial.

Flood's Motions

The motion to bar or limit Defendants from introducing evidence or argument relating to any threshold limit value, its applicability to insulation installers and Defendants' reliance thereon is denied. Flood has not established that the evidence to which this motion pertains is inadmissible for any purpose; all of their arguments focus

on the weight these values should be accorded. Jonasson v. Lutheran Child and Family Servs., 115 F.3d 436, 440 (7th Cir. 1997).

Another of Flood's motions seeks to bar Owens from introducing the deposition of Willis Hazard on the grounds that it is inadmissible hearsay under Fed. R. Evid. 802. Owens counters that the hearsay exception contained in Fed. R. Evid. 804(b)(1) applies because Hazard is now deceased and the statements were given under oath in a deposition in a case similar to this one. However, Flood was neither a party nor a predecessor in interest to any party in the case for which the deposition was taken. Accordingly, by its own terms, the hearsay exception embodied in Rule 804(b)(1) does not apply; the motion to bar its use is granted.

The last of Flood's motions pertains to evidence of the decedent's exposure to asbestos-containing products that were not manufactured by Owens or Flintkote. Under Illinois law, defendants in asbestos-related cases may not introduce evidence of plaintiff's exposure to other sources of asbestos to refute the plaintiff's contention that the defendant's product caused injury. Lipke v. Celotex Corp., 505 N.E.2d 1213, 1221 (Ill. App. Ct. 1987). This is so whether the defendant seeks to introduce the evidence with regard to cause in fact or legal cause. Kochan v. Owens-Corning Fiberglass Corp., 610 N.E.2d 683, 688-89 (Ill. App. Ct. 1993). Contrary to the contentions of Owens and Flintkote, Lipke still gives the applicable standard for admissibility of this type of evidence in asbestos cases, not Leonardi v. Loyola University, 658 N.E.2d 450,

455 (Ill. 1995). <u>Spain v. Owens-Corning Fiberglass Corp.</u>, 710 N.E.2d 528, 535 (Ill. App. Ct. 1999); <u>see also</u> <u>Petre v. Kucich</u>, 771 N.E.2d 1084, 1090 (Ill. App. Ct. 2002). Consequently, Flood's motion to bar Owens and Flintkote from using evidence of decedent's possible exposure to asbestos from sources other than their products is granted.

Owens' Motions

Owens' motion to exclude argument regarding their designation of Kaylo, an Owens product at issue in this case, as a non-toxic material, the motion to bar general use of the terms "cancer" or "carcinogenic," the motion to bar evidence of or reference to trade organizations to which Owens did not belong, and the motion to bar evidence on or reference to the conduct of companies that are not parties are denied. The motion to bar reference to concert of action and conspiracy theories is granted.

Flintkote's Motions

Flintkote's motion to exclude evidence of or reference to insurance during trial is granted to the extent that any evidence offered would pertain to issues of liability. However, it is denied insofar as the evidence is offered for another purpose. <u>See</u> Fed. R. Evid. 411. The other purpose would need to be disclosed prior to any intended use of the insurance evidence.

The motion to exclude evidence of products to which the decedent was not exposed and which were not substantial causes of decedent's injuries puts the cart

before the horse; it is impossible to determine products were not substantial causes or those to which the decedent was never exposed without the evidence that Flintkote attempts to bar. As such, this motion is denied. Finally, the motions regarding use of documents relating to Flintkote Mines, Ltd. and QAMA documents or membership are also denied.

Attorneys' Fees

Pursuant to our order of June 24, 2003, Owens and Flintkote have each submitted bills of fees incurred in connection with preparing the first pretrial order in this case. We have reviewed their submissions in camera. The "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983). The party requesting fees has the burden of substantiating the reasonableness of the request. See McNabola v. Chicago Transit Auth., 10 F.3d 501, 518 (7th Cir. 1993). Having reviewed Owens's submission in support of the fees incurred in preparing the pretrial order in light of applicable case law, we find that all but one entry is reasonable. It is not apparent from the notation accompanying that entry that the time spent by attorney Tracey Campbell on March 11, 2003, was in connection with the case at bar, and we are without a basis to determine its reasonableness. Accordingly, that amount is deducted from the overall amount. Owens is awarded the resulting figure, $34,411.50.

As for Flintkote's submission, several deductions are in order. First of all, there is no explanation of why some of the attorneys working on the case who have the same amount of experience are billed at different rates. Without some rationale to explain this discrepancy, we have no choice but to deem it unreasonable and to use only the lower billing rate. Furthermore, one notation is attributed to an individual who is not listed as a person who worked on the pretrial order. Another notation for April 24, 2003, appears to bill time for a motion that was unrelated to the instant case and thus cannot be included in this award. Finally, one entry indicates that the senior attorney working on the case billed time for preparing a notice of filing; such ministerial tasks do not require such expensive expertise and are thus unreasonable. See Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999). Less these deductions, the amount of fees claimed by Flintkote totals $50,688.40. We find this amount to be reasonable and award fees in that amount.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: NOV - 4 2003