# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 86 C 8947 | **DATE** | 11/16/2004 |
| **CASE TITLE** | Flood vs. Keene Corp. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Flood's motion (Doc 258-1) for a settlement conference is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 17 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | rbf | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 2004 NOV 16 AM 11:49 | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MRS. EUNICE FLOOD, Special Administrator of ) 
the Estate of Maurice Flood, deceased, )
)
Plaintiff, )
)
vs. )  86 C 8947
)
KEENE CORPORATION, et al., )
)
Defendants. )

DOCKETED
NOV 17 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Plaintiff, Eunice Flood ("Flood") special administrator of the estate of Maurice Flood, for a settlement conference. For the reasons set forth below, Flood's motion is denied.

## BACKGROUND

After several weeks of negotiation and a court-supervised settlement conference, a settlement agreement was reached between Flood and Defendant Owens-Illinois, Inc. ("Owens") on June 30, 2004. Both parties agreed to the details of the settlement agreement, whereby Owens would generate a stream of biannual payments to Flood over a five-year period. The payment schedule was to take effect on September 1.

Flood requested that Owens prepare the settlement paperwork, including the settlement agreement and release. Owens, in turn, prepared the paperwork and sent it to Flood's counsel, Robert Queeney, via messenger. Owens alleges that the paperwork was sent tandem with a request that Queeney inform Owens if any changes or modifications were necessary. Owens claims that several weeks passed with no response to this request from Queeney and that numerous phone messages left by Owens requesting Queeney's response also went ignored.

Owens asserts that on September 30, still having heard no response from Queeney regarding the settlement agreement, Owens sent Queeney another copy of the agreement and release. As the date for the first payment had passed, without any response from Queeney, Owens included a new payment schedule.

On October 11, Queeney sent a faxed copy of the original July 30 agreement that was purportedly signed by Flood but not notarized and asked that the first payment be made within ten days. On October 13, Owens indicated to Queeney apprehension regarding the non-notarized signature page and informed him that, while Owens was willing to cooperate with the payment schedule, no payment could be made without a notarized settlement agreement. Owens alleges that on October 20, Queeney indicated via voice mail that he would have his client sign the agreement the next day.

According to Owens, Flood has yet to provide a notarized settlement agreement and release.

## DISCUSSION

Flood brings the present motion pursuant to Fed. R. Civ. P. 16(a), requesting that this court hold a second settlement conference. Flood requests the settlement conference in the hopes of adding "security" (without denoting what the security would be) to Owens' promise to pay that is contained within the settlement agreement and release. Flood expresses apprehension regarding Owens' ability to pay and seeks the added security in order to ensure full payment in the event that Owens files for bankruptcy. Flood's only argument for this request is that additional security is appropriate under the circumstances, in that Owens is one of the few viable manufacturers in this case that has not sought bankruptcy protection. This argument is unconvincing.

Flood claims that a settlement conference is appropriate under the circumstances, yet given the facts presently before the court, the circumstances indicate that a settlement conference is not necessary. To express apprehension regarding a corporate defendant's solvency merely because it has not filed for bankruptcy protection, while other corporate defendants in the case have, is counter-intuitive. Flood concedes that she had previously accepted the terms of the settlement and that those terms are

accurately and completely set forth in the written agreement tendered by Owens. Flood's request for additional security ignores the fact that Owens has not made any indication whatsoever that it could not or would not comply with the terms of the agreement.

Based upon the record, it appears that Owens has been making all reasonable attempts to comply with the settlement to which the parties agreed. There is nothing unreasonable about Owens' preferring to wait for the releasing party's notarized signature before proceeding in accordance with the settlement agreement. Further, Owens has been the catalyst behind finalizing the settlement, drafting the agreement, and following up with Queeney. Therefore, this court need not intervene, via a second settlement conference, in the settlement between the parties.

## CONCLUSION

Based on the foregoing analysis, Flood's motion is denied.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: NOV 1 6 2004